UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERRICK C. BOSLEY, SR., <br><br> Plaintiff, <br><br> v. <br><br> DePUY SYNTHES SALES INC., *et al.*, <br><br> Defendants. | Case No. C21-1683-MLP <br><br> ORDER |

## I.   INTRODUCTION

This matter is before the Court on Plaintiff Derrick Bosley, Sr.'s motion for leave to amend his amended complaint ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 29).) Defendants filed a response in opposition to Plaintiff's Motion (Defs.' Resp. (dkt. # 32)) and Plaintiff submitted a reply (Pl.'s Reply (dkt. # 33)). Having considered the parties' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiff's Motion (dkt. # 29) for the reasons discussed below.

## II.   DISCUSSION

Plaintiff generally alleges that Defendants are liable to him for defectively designing, manufacturing, and/or selling without proper warning, the DePuy Attune Knee System ("Attune

ORDER - 1

Device"), which Plaintiff had implanted in his left leg in August 2014. (*See* Am. Compl. (dkt. # 5) at ¶ 1.) Pursuant to the allegations in his complaint, Plaintiff alleges that the Attune Device loosened, failed, and that the failure of the Attune Device was caused by the defective design and/or construction of the device. (*Id.* at ¶¶ 2-4.)

Relevant to the instant matter, Plaintiff proposes nine amendments to his first amended complaint. (Pl.'s Mot. at 2.) Seven of Plaintiff's proposed amendments appear to restyle his allegations, or merely clarify aspects of his complaint, and Defendants raise no objection to these proposed amendments.[1] (*See* Defs.' Resp.) Therefore, Plaintiff is granted leave to amend those portions of his complaint.

Plaintiff's remaining contested amendments are considered in turn:

A.   **Strict Liability Claim**

First, Plaintiff proposes an amendment to his first cause of action for unsafe design under the Washington Product Liability Act ("WPLA") that would plead the claim pursuant to a strict liability standard instead of negligence. (Pl.'s Mot. at 2.) Defendants object to this amendment, arguing that the amendment "is barred by the Restatement (Second) of Torts § 402A Comment k, which Washington has expressly adopted," and is therefore futile. (Defs.' Resp. at 4-6.)

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2)

---

[1] Specifically, Plaintiff proposes amendments to: (1) clarify who the term "the Defendants" references; (2) replace the language "manufacturing and selling" with "designing, manufacturing, and/or selling" as consistent with the tense of similar words or phrases throughout the Complaint; (3) replace the language "baseplate" with "component" throughout the Complaint; (4) replace the language "manufacturer" with "Defendants" in a portion of the Complaint; (5) eliminate repetition in various portions of the Complaint; (6) conform the failure to warn allegations with the Washington Product Liability Act; and (7) replace a reference to "RCW 19.86.090" with "the Washington Consumer Protection Act, RCW 19.86[.]" (Pl.'s Mot. at 2.)

ORDER - 2

Generally, "[t]he court should freely give leave [to amend] when justice so requires." *Id.* "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Courts use five factors to "assess the propriety of a motion for leave to amend": (1) bad faith; (2) undue delay; (3) prejudice to an opposing party; (4) futility; and (5) previous amendments by the plaintiff. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Not all these factors are necessarily weighted equally, as "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, "[a]bsent prejudice, or a strong showing of [the other four] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted).

Pertinent to Plaintiff's sought amendment, Washington has incorporated the Restatement (Second) of Torts § 402A, and comment k therein, under the WPLA. RCW 7.72.030; *Taylor v. Intuitive Surgical, Inc.*, 187 Wash.2d 743, 760-61 (2017) (en banc). Under section 402A, strict liability is provided for anyone "who sells any product in a defective condition unreasonably dangerous to the user or consumer[.]" Restatement (Second) of Torts § 402A(1) (Am. Law Inst. 1965). Comment k provides an exception to strict liability for "[u]navoidably unsafe products" that are "quite incapable of being made safe for their intended and ordinary use."[2] *Id.* at cmt. k;

---

[2] Comment k reads:

> *Unavoidably unsafe products.* There are some products which, in the present state of human knowledge, are quite incapable of being made safe for their intended and ordinary use. These are especially common in the field of drugs. An outstanding example is the vaccine for the Pasteur treatment of rabies, which not uncommonly leads to very serious and damaging consequences when it is injected. Since the disease itself invariably leads to

ORDER - 3

*see also Taylor*, 187 Wash.2d at 761-62 ("[W]here a product is inherently dangerous by nature but is still desirable because of its public benefit, it is an 'unavoidably unsafe' product under comment k."). However, in *Taylor*, the Washington Supreme Court found that "proper preparation, marketing, and warnings" are necessary prerequisites for a manufacturer to be exempt from strict liability as "comment k specifies that the exception is not available to a manufacturer who fails to adequately warn." 87 Wash.2d at 762. Therefore, only once these prerequisites have been met can the exemption from strict liability apply. *Id.*

Here, Defendants appear to contend that because the Attune Device is a medical device or product, Defendants are exempted from Plaintiff's strict liability design defect claim solely by the import of comment k. (Defs.' Resp. at 5.) However, Defendants fail to address the "proper preparation, marketing, and warning prerequisites" necessary to qualify for the strict liability exemption under comment k.[3] Because Plaintiff clearly challenges the adequacy of Defendants'

---

a dreadful death, both the marketing and the use of the vaccine are fully justified, notwithstanding the unavoidable high degree of risk which they involve. Such a product, properly prepared, and accompanied by proper directions and warning, is not defective, nor is it unreasonably dangerous. The same is true of many other drugs, vaccines, and the like, many of which for this very reason cannot legally be sold except to physicians, or under the prescription of a physician. It is also true in particular of many new or experimental drugs as to which, because of lack of time and opportunity for sufficient medical experience, there can be no assurance of safety, or perhaps even of purity of ingredients, but such experience as there is justifies the marketing and use of the drug notwithstanding a medically recognizable risk. The seller of such products, again with the qualification that they are properly prepared and marketed, and proper warning is given, where the situation calls for it, is not to be held to strict liability for unfortunate consequences attending their use, merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk.

Restatement (Second) of Torts § 402A, cmt. k (Am. Law Inst. 1965).

[3] Defendants' legal citations appears to wholly omit a full or complete discussion of the comment k exemption to strict liability. *See e.g., Transue v. Aesthetech Corp.*, 341 F.3d 911, 918 (9th Cir. 2003) ("Comment k protects manufacturers from strict liability only for design defects. An injured party may seek strict liability for manufacturing defects or inadequate warnings even though comment k applies.").

ORDER - 4

1 warnings and marketing (*see* Am. Compl. at ¶¶ 134-44), there remains a factual dispute as to

2 whether these prerequisites have been met. *See Taylor*, 87 Wash.2d at 762. Accordingly,

3 Plaintiff's proposed amendment to his first cause of action sufficiently alleges a claim that would

4 not be barred under comment k, and therefore, is not futile.

        **B.**     **Negligence Claim**

Next, Plaintiff proposes an amendment that would add negligence in design to his negligence allegations set forth in his sixth cause of action. (Pl.'s Mot. at 2.) Defendants oppose this amendment, arguing it is also futile "as it would be identical and duplicative of the remaining Count I" should the Court find Plaintiff's proposed amendment to the first cause of action futile. (Defs.' Resp. at 5-6.)

As discussed above, Plaintiff's proposed amendment regarding strict liability sufficiently alleges a claim that would not be barred by comment k nor is futile. It would therefore not be duplicative or futile to allow Plaintiff to amend his sixth cause of action.

### III.   CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion (dkt. # 29). Plaintiff shall file his second amended complaint by **April 15, 2022**.

Dated this 7th day of April, 2022.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

---

(quoting *Tansy v. Dacomed Corp.*, 890 P.2d 881, 886 (Okla. 1994))); *Olivia Aguilar v. Am. Med. Sys., Inc.*, 2020 WL 6504323, at *4 (W.D. Wash. Nov. 5, 2020) ("That said, while comment k has application with respect to medical devices, it only applies when a product is 'accompanied by adequate warnings.'" (quoting *Taylor*, 187 Wash.2d at 764).

ORDER - 5