UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERRICK C. BOSLEY, SR.,<br><br>                Plaintiff,<br><br>     v.<br><br>DePUY SYNTHES SALES INC., *et al.*,<br><br>                Defendants. | Case No. C21-1683-MLP<br><br>ORDER RE: MOTIONS IN LIMINE |

This matter is before the Court on Defendants' Motions in Limine (dkt. # 88) and Plaintiff's Response to Defendants' Motions in Limine (dkt. # 90). On October 3, 2023, the Court heard oral argument from the parties. (Dkt. # 107.)

Having considered the parties' submissions, oral argument, the balance of the record, and the governing law, the Court ORDERS that: (1) Defendants' Motions in Limine (dkt. # 88) are GRANTED in part, DENIED in part, and RESERVED in part, for the reasons previously stated on the record (dkt. # 107) and memorialized as follows:

    A.    **<u>Defendants' Motions in Limine</u>**

Defendants' Motion in Limine No. 1: "All Evidence and Argument re: Spoliation and/or Failure to Warn Valley Medical Center" is GRANTED. There is no evidence of spoliation and Plaintiff failed to bring a motion for spoliation. The Court also finds the issue of whether

ORDER RE: MOTIONS IN LIMINE - 1

Defendants owed Valley Medical Center, as purchaser of Defendants' "Attune" knee replacement device, a duty to provide it with adequate warnings regarding the risks of using the device irrelevant to Plaintiff's remaining claims in this action. Valley Medical Center is not a party to this action. (*See* Second Am. Compl. (dkt. # 37) at ¶¶ 6-35.) Plaintiff has also not produced any evidence or a witness with knowledge that can testify relative to any failure to warn Valley Medical Center causing his alleged damages. Furthermore, Plaintiff's reliance on *Taylor v. Intuitive Surgical, Inc.*, 187 Wn.2d 743 (Wash. 2017) is inapposite. Though *Taylor* notes a "manufacturer has an independent duty to warn the purchaser of the product," the medical equipment at issue in that case was a robotic surgical device purchased by a hospital to conduct laparoscopic surgeries. *Id.* at 748-49, 758. *Taylor* considered whether the medical equipment manufacturer had an independent duty to warn the hospital for the hospital's surgery credentialing process for that device "because physicians do not function in the same intermediary capacity between the manufacturer and purchaser." *Id.* at 758-59. Consequently, *Taylor* held the learned intermediary doctrine did not apply to excuse the manufacturer's duty to warn the hospital. *Id.* at 760 ("*While doctors are recognized as the gatekeepers between the manufacturer and the patient*, the hospital is the gatekeeper between the physician and the use of the [robotic surgical device] since the hospital clears surgeons to use it." (emphasis added)). *Taylor* did not hold that, in all cases, a manufacturer can be held liable to a patient for failure to warn the hospital. Plaintiff has also not produced any evidence that Valley Medical Center otherwise cleared or credentialed Dr. Barrett to use the "Attune" device.

Defendants' Motion in Limine No. 2: "All Evidence and Argument re: Plaintiff's Counsel's Paralegal's Review of MAUDE Reports" is GRANTED.

Defendants' Motion in Limine No. 3: "All Evidence and Argument Concerning Knee Implants Not Implanted in Plaintiff" is GRANTED as to as to any evidence or argument relating to Defendants' "Attune S+" knee replacement device, and other manufacturers' knee replacement devices, but DENIED as to as to any evidence or argument relating to Defendants' "Sigma" knee replacement device.

Defendants' Motion in Limine No. 4: "All Evidence and Argument re: Royalty Payments Made to Dr. Barrett" is RESERVED.

Defendants' Motion in Limine No. 5: "All Evidence, Argument, and Testimony Concerning Certain FDA-Related Evidence" is GRANTED.

Defendants' Motion in Limine No. 6: "All Evidence and Argument Concerning a Failure to Recall" is GRANTED.

Defendants' Motion in Limine No. 7: "All Evidence of Complaints, Medical Device Reports, MAUDE reports, Media Reports, and Revision Surgeries from the Experiences of Others Not a Party to this Action" is DENIED without prejudice. The Court clarified at the hearing that Plaintiff's expert is the witness who may be discussing this evidence.

Defendants' Motion in Limine No. 8: "All Evidence and Argument Concerning Testing Not Performed" is GRANTED.

Defendants' Motion in Limine No. 9: "All Evidence and Argument re: Defendants' State of Mind" is RESERVED.

Defendants' Motion in Limine No. 10: "All Evidence and Argument Concerning Defendants' Conduct and Marketing Concerning Other Products" is GRANTED as to any evidence or argument relating to Defendants' "Attune S+" knee replacement device, and

1   Defendants' other products not at issue in this case, but DENIED as to as to any evidence or

2   argument relating to Defendants' "Sigma" knee replacement device.

3   　　　　Defendants' Motion in Limine No. 11: "All Evidence and Arguments Concerning

4   Complaints by Physicians Other than Plaintiff's Treating Doctors" is GRANTED in part. The

5   parties' physician experts are permitted to testify to such complaints to the extent the experts

6   would reasonably rely on them in forming their opinion. *See* Fed. R. Evid. 703.

7   　　　　Defendants' Motion in Limine No. 12: "All Pejorative Comments About Defense

8   Counsel or Attacks on Their Personal Credibility" is GRANTED as stipulated by the parties.

9   　　　　Defendants' Motion in Limine No. 13: "All Evidence and Argument Concerning the Cost

10   of Trying Cases" is GRANTED as stipulated by the parties.

11   　　　　Defendants' Motion in Limine No. 14: "All Evidence, Argument, and Testimony

12   Concerning Lost Wages" is GRANTED.

13   　　　　Defendants' Motion in Limine No. 15: "All Evidence and Argument re: the Size of the

14   Defense Team" is GRANTED as stipulated by the parties.

15   　　　　Defendants' Motion in Limine No. 16: "Any Reference to Settlement Negotiations/Offers

16   to Settle" is GRANTED as stipulated by the parties.

17   　　　　Defendants' Motion in Limine No. 17: "All Evidence and Argument Concerning Issues

18   or Litigation Involving Non-Knee Products Manufactured by Subsidiaries of Defendants" is

19   GRANTED.

20   　　　　Dated this 4th day of October, 2023.

21

22   　　　　　　　　　　　　　　　　　　　　　　MICHELLE L. PETERSON
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
23

ORDER RE: MOTIONS IN LIMINE - 4