UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERRICK C. BOSLEY, SR., <br><br> Plaintiff, <br><br> v. <br><br> DePUY SYNTHES SALES INC., *et al.*, <br><br> Defendants. | Case No. C21-1683-MLP <br><br> ORDER |

This matter is before the Court on Defendants' "Motion for Judgment as a Matter of Law pursuant to [Federal Rule of Civil Procedure 50(a)]" filed at the close of Plaintiff Derrick C. Bosley's case in chief on October 12, 2023 ("Defendants' Motion").[1] (Dkt. # 131.) Defendants orally renewed their Motion at the close of all evidence on October 13, 2023. The Court heard oral argument from the parties on Defendants' Motion on October 12, 2023, and October 13, 2023. (*See* dkt. # 133.) For the reasons previously stated on the record, and memorialized as

---

[1] Defendants submitted excerpts of the unedited and uncertified transcript in support of Defendants' Motion. (*See* Curry Decl. (dkt. # 132).) Such transcript includes a disclaimer that it is not to be disclosed in any form or relied upon or cited in any court proceeding. The Court therefore strikes Defendants' submitted declaration.

ORDER - 1

follows, the Court GRANTS Defendants' Motion in part, and DENIES Defendants' Motion in part as MOOT.

On October 10, 2023, the Court began a four-day jury trial on Plaintiff's claims against Defendants. (*See* dkt. # 125.) Plaintiff alleges asserts claims for design defect and failure to warn against Defendants related to the Attune Knee System, a knee replacement device manufactured by Medical Device Business Services, Inc., formerly known as DePuy Orthpaedics, and implanted in Mr. Bosley's left leg during a left total knee arthroplasty in 2014. (*See* Second Am. Compl. (dkt. # 37).)

On the third day of trial, October 12, 2023, Defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). (Dkt. # 131.) Defendants argue:

(1) Plaintiff failed to offer any evidence to establish that Defendants DePuy Synthes Sales, Inc. d/b/a DePuy Synthes Joint Reconstruction, DePuy Orthopaedics, Inc., DePuy International Limited, Johnson & Johnson, Johnson & Johnson Services, Inc., Johnson & Johnson International, DePuy Inc., DePuy Synthes Products, Inc., DePuy Synthes, Inc., DePuy Ireland Unlimited Company, DePuy Synthes Johnson & Johnson Ireland Ltd., or Related Entities A, B, and C manufactured, designed, or drafted the warnings related to the ATTUNE® Knee System device (the "ATTUNE") at issue in this case and, therefore, all of the above named defendants should be dismissed with prejudice; and

(2) Plaintiff failed to offer any evidence to establish that the warnings accompanying the ATTUNE were inadequate.

(3) Plaintiff failed to put forth sufficient evidence to support his claim that the ATTUNE was defectively designed; his retained expert explicitly declined to opine that the ATTUNE was defectively or even "properly" designed, and Plaintiff offered no evidence whatsoever regarding the level of reasonable care Defendants exercised to design the product.

(4) Finally, Plaintiff failed to put forth sufficient, nonspeculative evidence to establish that a defective design or inadequate warnings proximately caused his injury. Accordingly, judgment as a matter of law should be entered in favor of all Defendants.

(*Id.* at 2-3.)

ORDER - 2

Once a party has been fully heard on an issue during a jury trial, the court may grant a motion for judgment as a matter of law against the nonmoving party only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a); *Ritchie v. United States*, 451 F.3d 1019, 1022-23 (9th Cir. 2006). A court reviewing a motion for a judgment as a matter of law must construe all evidence in favor of the nonmoving party. *Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003).

As to Defendants' first claim, the Court agreed at trial that Defendants' noted extraneous defendants are entitled to judgment as a matter of law on Plaintiff's claims. Plaintiff failed to offer evidence to establish who manufactured the Attune knee device in his case. Furthermore, Defendants stipulated that Medical Device Business Services, Inc., the successor to the entity formerly known as "DePuy Orthopaedics, Inc.," is the actual entity that designed the Attune knee device and that Medical Device Business Services, Inc. remains solvent and would be responsible for any judgment entered in favor of Plaintiff.

As to the remainder of Defendants' arguments related to Plaintiff's design defect claim and failure to warn, the jury returned a verdict in favor of Defendants on both claims. As such, Defendants' Motion is now moot.

Accordingly, Defendants' Motion is GRANTED in part and DENIED in part. For reasons previously stated on the record on October 12, 2023, Defendants: (1) "DePuy Synthes Sales, Inc. d/b/a DePuy Synthes Joint Reconstruction"; (2) DePuy International Limited; (3) Johnson & Johnson; (4) Johnson & Johnson Services, Inc; (5) Johnson & Johnson International; (6) DePuy, Inc.; (7) DePuy Synthes Products, Inc.; (8) DePuy Synthes, Inc.; (9) DePuy Ireland Unlimited Company; (10) DePuy Synthes Johnson & Johnson Ireland Ltd.; and (11) "Related Entities A, B and C" are entitled to judgment as a matter of law and dismissed with prejudice.

Defendants' arguments related to Plaintiff's design defect claim and failure to warn are DENIED as moot. Defendants' submitted declaration in support of Defendants' Motion (dkt. # 132) is STRICKEN.

Dated this 13th day of October, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4